# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs May 25, 2010 at Knoxville

## STATE OF TENNESSEE v. HERMAN MAJORS, JR.

**Appeal from the Circuit Court for Montgomery County**
**No. 40801010        John H. Gasaway, III, Judge**

---

**No. M2009-02087-CCA-R3-CD - Filed August 19, 2010**

---

The defendant, Herman Majors, Jr., appeals the Montgomery County Circuit Court's revocation of his community corrections sentence for his conviction of aggravated assault, alleging that the trial court erred in not returning him to community corrections or placing him on probation. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and CAMILLE R. MCMULLEN, JJ., joined.

Gregory Smith, Clarksville, Tennessee, for the appellant, Herman Majors, Jr.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and Arthur Bieber, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On February 5, 2009, the defendant entered a plea of guilty to aggravated assault. The trial court imposed a sentence of ten years to be served on community corrections. On February 26, 2009, the State filed a violation of community corrections warrant that alleged that the defendant had violated the terms of his placement by failing to report and by evading arrest. The defendant was served with the warrant on March 12, 2009. On September 21, 2009, the defendant admitted the violation and waived a hearing on the violation issue. The trial court found the defendant in violation and ordered him to serve the remainder of his ten-year sentence in the Tennessee Department of Correction.

The defendant filed a timely appeal on October 1, 2009, and on appeal, he

argues that the trial court erred by not returning him to community corrections or placing him on probation.

At the September 21, 2009 hearing, the defendant pleaded guilty to a new charge of misdemeanor evading arrest and to violating the terms of his community corrections sentence. At the hearing, the defendant's community corrections officer, Donald Wilkerson, testified that he met with the defendant once on February 5, 2009, to complete the defendant's registration with the community corrections program. After the defendant missed a required meeting, Mr. Wilkerson told the defendant that they would have to meet twice a week. The officer testified that the defendant responded that he would not "report twice a week or any [] because of transportation." The officer testified that he admonished the defendant that missing meetings would violate the community corrections sentence, to which the defendant responded, "[D]o what [you] have to do."

The court found the defendant in violation of his community corrections sentence. The court ordered the defendant to serve the original ten-year aggravated assault sentence in confinement.

In this appeal, the defendant contends that the trial court erred by not returning him to community corrections or placing him on probation because his failure to report was not "a willful disregard of the rules of [c]ommunity [c]orrections" but was instead due to lack of transportation. The defendant argues that because "there is no proof that the [c]ommunity [c]orrections officer took *any* steps toward accommodating" his lack of transportation, he "should be returned to either [c]ommunity [c]orrections or probation." The State asserts that the trial court did not abuse its discretion because there was ample evidence that the defendant violated the terms of his community corrections sentence. We agree with the State.

The decision to revoke a community corrections sentence rests within the sound discretion of the trial court and will not be disturbed on appeal unless there is no substantial evidence to support the trial court's conclusion that a violation has occurred. *State v. Harkins,* 811 S.W.2d 79, 82-83 (Tenn. 1991) (applying the probation revocation procedures and principles contained in Tennessee Code Annotated section 40-35-311 to the revocation of a community corrections placement based upon "the similar nature of a community corrections sentence and a sentence of probation"). Relief will be granted only when "'the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved.'" *State v. Shaffer*, 45 S.W.3d 553, 555 (Tenn. 2001) (quoting *State v. Moore*, 6 S.W.3d 235, 242 (Tenn. 1999)). The trial court is required only to find that the violation of probation or community corrections occurred by a preponderance of the evidence. *See* T.C.A. § 40-35-311(e) (2006); *see also id.* §

40-36-106(e)(3)(B). When reviewing the trial court's findings, this court is obliged to examine the record and determine whether the trial court exercised a conscientious judgment rather than an arbitrary one. *State v. Mitchell,* 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991).

If the evidence is sufficient, the trial court may, within its discretionary authority, revoke the community corrections sentence and require the defendant to serve his sentence in confinement "less any time actually served in any community-based alternative to incarceration." T.C.A. § 40-36-106(e)(4).

The record reflects that the trial court did not abuse its discretion in determining that a violation occurred. "Only one basis for revocation is necessary." *State v. Alonzo Chatman,* E2000-03123-CCA-R3-CD, slip op. at 3 (Tenn. Crim. App., Knoxville, Oct. 5, 2001). Here, the defendant violated the terms of his community corrections sentence by refusing to meet with his community corrections officer and by committing the new offense of evading arrest. The defendant's lack of "willful disregard" and the community corrections officer's failure to accommodate the defendant's transportation problems do not alter the fact that the defendant failed to comply with the terms of his community corrections sentence. The record contains ample evidence of the defendant's failure to comply with the terms of his original sentence; therefore, we discern no arbitrary action in the trial court's determination. Further, the trial court did not abuse its discretion by ordering the defendant to serve his sentence in incarceration.

In conclusion, we hold that the record supports the trial court's exercise of discretion. Accordingly, the judgment of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE